UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIA STRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV00630-HEA |
| | ) |
| HOTEL EMPLOYEES RESTAURANT | ) |
| EMPLOYEES LOCAL 74, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion for Summary Judgment Regarding Plaintiff's Bankruptcy Filing, [Doc. # 54]. Plaintiff now opposes the motion. For the reasons set forth below, the Motion is granted.

On May 20, 2005, defendant filed a motion for summary judgment on the basis that there exists no genuine issue of material fact in this matter. This motion was followed by the instant motion, filed on May 27, 2005, regarding plaintiff's bankruptcy filing. Counsel for plaintiff moved for an extension of time to respond to defendant's May 27, 2005 Motion. Plaintiff was granted an additional thirty days from June 2, 2005 to file her response.

On June 13, 2005, plaintiff filed a Proposed Third Amended Case Management Order. The Court adopted this Proposed Order on June 16, 2005. In this Order, the parties were given additional time to conduct discovery and to file dispositive motions.

On June 29, 2005, the parties jointly sought a stay of this case pending an Opinion from the Eighth Circuit Court of Appeals in the Appeal styled: Julia A. Strong v. America's Center Food Service Partners/Levy Restaurant Limited Partnership, Case Number 05-2679. Specifically, the parties contended in their joint motion that the operative facts of the case on appeal were the same as the facts in this case. Furthermore, the parties advised this Court that "a ruling by the Eighth Circuit either affirming or overruling the District Court's decision in the America's Center would in all likelihood be binding on the instant case."

On July 14, 2006, the Appellate Court issued its Unpublished Opinion affirming Judge Hamilton's Memorandum and Order granting summary judgment in favor of defendant. This Court therefore lifted its stay and ordered plaintiff to respond to the Motion for Summary Judgment.

Plaintiff has responded and now asks the Court to deny the motion. Plaintiff contends that she was unaware of all the documents her former attorney prepared and filed on her behalf in her bankruptcy proceedings. Plaintiff has filed an affidavit

in which she avers that she never saw or read the bankruptcy schedules that were filed electronically. She also avers that "until Summary Judgment was filed in <u>Julia Strong v. America's Center Food Service Partners</u>, Case No.: 4:04CV00632JCH, [she] did not know that [she] was required to disclose either lawsuit in [her] bankruptcy case."

Defendant moves for summary judgment on the ground of judicial estoppel, the very basis upon which Judge Hamilton granted summary judgment in the America's Center case, which was affirmed by the Eighth Circuit. Plaintiff asks the Court to deny summary judgment, in spite of the Eighth Circuit Opinion affirming the granting of summary judgment in the America's Center case, and in spite of her previous representation to the Court that she believed the ruling in the America's Center case would be binding in this case.

The Court is unpersuaded that application of the doctrine should not also be imposed in this case. The Court is now facing conflicting sworn positions. While plaintiff now contends she did not see or read the bankruptcy schedules, they were filed in her case and were filed "under penalty of perjury" as to their accuracy. The sanctity of filing complete, accurate and truthful documents in the Bankruptcy Court must be preserved. The Bankruptcy Court and creditors are entitled to rely on a debtor's declaration in the distribution of the Bankruptcy Estate. Furthermore,

nowhere in her current affidavit does plaintiff deny that her attorney discussed contingent suits or administrative proceedings. Rather, plaintiff merely avers that she did not know that she was required to disclose either lawsuit. Plaintiff's newly taken position is contrary to her previous position in this case and in the America's Center case. Her affidavit states that "until the filing of the motion for summary judgment in the America's Center case, she did not know she was required to disclose either lawsuit," yet in her response to the motion for summary judgment in that case, plaintiff fails to make such an averment. Furthermore, plaintiff did not oppose this summary judgment at the time of its filing based on her lack of knowledge of the requirement to disclose, rather, she agreed that a decision by the Eighth Circuit affirming Judge Hamilton's ruling would most likely be binding in this case. The position plaintiff now takes seeking to avoid the judicial estoppel strains this Court's sensibilities. This position, until now, was never raised at any juncture in either of plaintiff's cases, in spite of plaintiff's acknowledgment of the discovery of the disclosure requirement in March, 2005 when the motion for summary judgment was filed.

Weighing plaintiff's previous declaration under penalty of perjury in the Bankruptcy proceedings, Judge Hamilton's analysis and the Eighth Circuit Court of Appeal's decision affirming Judge Hamilton's ruling against plaintiff's self serving

affidavit of ignorance the Court cannot come to any conclusion other than to follow this Court's binding authority from the Eighth Circuit that judicial estoppel precludes plaintiff's case against her Union.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment Regarding Plaintiff's Bankruptcy Filing, [Doc. No. 54], is granted.

A separate judgment in accordance with this Opinion, Memorandum and Order is filed this same date.

Dated this 11th day of September, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE